THE PEOPLE *ex rel.* W. P. Dixon *et al.* Appellants, *vs.* THE BOARD OF EDUCATION OF KANKAKEE SCHOOL DISTRICT *et al.* Appellees.

*Opinion filed December 16, 1914.*

MANDAMUS—*courts do not take judicial notice of population of school district.* Where the statutory provisions sought to be enforced by a petition for *mandamus* against school officers to compel them to hold an election are applicable only to school districts of a 'certain population, the petition must allege the population of the school district in which the election is sought, as the courts will not take judicial notice of that matter.

APPEAL from the Circuit Court of Kankakee county; the Hon. FRANK L. HOOPER, Judge, presiding.

GOWER, HOBBIE & PARISH, for appellants.

W. H. DYER, State's Attorney, SMALL & MERRILL, A. E. SMITH, DYER & WHITTEMORE, SAVARY & RUEL, and J. BERT. MILLER, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court :

Appellants, as relators, filed in the circuit court of Kankakee county, against the board of education of Kankakee school district, the clerk of the board, treasurer of the school district, three township treasurers of townships overlapping in Kankakee school district, and the county superintendent of schools in Kankakee county, a petition for a writ of *mandamus* to compel the parties made defendants to the petition, or such of them as should so act, to call an election under the general School law to elect two members of the board of education of Kankakee school district. The petition alleges the Kankakee school district was incorporated by a special charter or act of the legislature in 1865 and sets out the act. The first section of the act defines the boundaries of the district. The second section vests the government of the district in a board of education composed

of six members, to hold office for three years and until their successors are elected and qualified. The third section provides for the election of six members of the board the first Monday in August, 1865. Two of them were to serve one year, two of them two years and two of them three years. At their first meeting they were to draw lots for their respective terms of office, and on the first Monday in August annually thereafter two members were to be elected. The fourth section provided that the board should meet the second Monday of August in each year and elect one of its members president and another member clerk, to hold their offices one year. The petition alleges that on the seventh and eighth days of April, 1914, petitions for the election, as required by law, of two members of the board of education, to serve for three years, were filed with the board of education, but the board failed and refused to give notice and hold an election as was its duty under the law, and that two persons, Alfred Beaumont and Lawrence Babst, are now holding over and acting as members of said board by reason of the refusal of the board to hold an election. The petition avers notice to the board of education, its officers and members, of the filing of the petition for an election and the making of a demand upon them to give notice and hold an election in accordance with the statute in force governing such elections. The petition also avers similar notices were given and demands made upon the other parties made defendants to the petition. The petition was demurred to, the demurrer was sustained and the petition dismissed. On the ground that in one phase of the case the validity of a statute is involved, an appeal was prosecuted by the relators direct to this court.

Appellants contend that the provisions of the special charter of the Kankakee school district for the election of members of the board of education in August were repealed by the act of 1909, entitled "An act to establish and maintain a system of free schools." (Laws of 1909, p. 343.)

Section 126 of that act is as follows: "The election of boards of education shall be governed by the provisions of this act relating to the election of boards of directors: *Provided, however,* that boards of education shall have power to establish a suitable number of voting precincts, and fix the boundaries thereof for the accommodation of the voters of the district in which such election is held, in each of which voting precincts there shall be one polling place designated by the board. Whenever the board of education shall establish more than one voting precinct for such election they shall appoint two judges and one clerk for each polling place, assigning so far as practicable at least one member of such board to each polling place. When the time for the election of members of boards of education or boards of inspectors is fixed by virtue of any special act, such election may be held at the time provided for the election of school directors."

It is insisted that the provision that when the time for the election of members of the board is fixed by special act the election "may" be held at the time provided for the election of school directors, which is the third Saturday in April, means the election shall be held at that time, notwithstanding section 276 of the same act provides that the act "shall not be construed so as to repeal or change, in any respect, any special act in relation to schools in cities having a population of fewer than 100,000 inhabitants, or cities, townships or districts," except in certain respects in no way involved in this case. It is further contended by appellants that if section 276 of the general act of 1909 be construed as rendering of no effect the provision of section 126 that elections for members of boards of education, when the time for such election is fixed by special act, may be held at the time provided for the election of school directors, then the election is provided for and controlled by the general act of 1907, entitled "An act to enable school districts acting under special charters to hold elections for the elec-

tion of school directors, members of boards of education, and members of boards of school inspectors, at the time provided for the election of school directors under the general School law of the State." (Laws of 1907, p. 525.)

Appellants seek to present for our decision the effect of the provisions of section 126 upon the special charter as to the time of holding elections for members of the board of education for Kankakee school district. Section 126 is one section of a subdivision of the act of 1909, entitled "An act to establish and maintain a system of free schools," and that section and the other sections of the same subdivision refer to school districts with a certain population. Other subdivisions refer to districts having a different population. The petition contains no averment as to the population of the district, and one of the objections made to it by appellees is that it is fatally defective in not stating the population of the Kankakee school district,—that is, whether it had a population not less than 1000 nor more than 100,000. Sections 123 to 127, both inclusive, of the act of 1909 relate to such school districts. Section 123 provides for the election, in such districts not governed by special acts, of a board of education, consisting of a president and six members. We have above quoted section 126 of the 1909 act in full. It is the last sentence of that section which provides that when the time for the election of members of the board is fixed by special act such election may be held at the time provided for the election of school directors. It is true, section 126 applies to boards of education in districts organized under section 123 and also to districts organized by special charter, but the districts referred to are districts having a population not less than 1000 nor more than 100,000. Sections 123 to 127, both inclusive, are embraced in the act of 1909 under the subdivision "Boards of education," and the next subdivision is, "Boards of education in cities of 100,000." We think the petition should show, by apt averment, that the Kankakee school district has not less

than 1000 nor more than 100,000 population before it can claim any benefit from or ask for the construction of those sections of the act which apply to districts of that class. Appellants say courts will take judicial notice of population, but we know of no precedent, and none is cited, that courts will take judicial notice of the population of a school district.

In our opinion the petition was insufficient, on its face, to present the question sought to be adjudicated.

The judgment is affirmed.          *Judgment affirmed.*